UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BLUEWAVE COMMUNICATION
SERVICES, INC.,

    Plaintiff,

v.                                                         Case No.:   2:24-cv-532-SPC-KCD

PMRG FIBER CORPORATION,

    Defendant.
                                              /

## **OPINION AND ORDER**

Before the Court is Defendant's Supplement to its Notice of Removal (Doc. 17). Defendant removed this breach-of-contract suit from state court, invoking diversity jurisdiction. (Doc. 1). But Defendant failed to provide Plaintiff's citizenship or sufficient evidence of the amount in controversy, so the Court ordered Defendant to show cause why this action should not be remanded. (Doc. 11). Because Defendant's supplement still fails to show Plaintiff's citizenship, the Court remands.

A defendant may remove a civil action from state court if the federal court has original jurisdiction. *See* 28 U.S.C. § 1441(a). "A removing defendant bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). And because federal courts have limited jurisdiction they are "obligated to inquire into subject matter

jurisdiction sua sponte whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Defendant invokes diversity jurisdiction for removal. Federal courts have diversity jurisdiction over civil actions where there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). Plaintiff's citizenship is at issue. Corporations, like Plaintiff, are citizens "wherever they are incorporated and have their principal place of business." *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1346 (11th Cir. 2011) (citing 28 U.S.C. § 1332(c)(1)).

Defendant's notice of removal was silent on Plaintiff's citizenship. Plaintiff's Disclosure Statement provides that it is a New York Corporation but says nothing about Plaintiff's principal place of business. (Doc. 9). And Defendant's supplement points to only two subcontractor agreements between Plaintiff and Defendant to show Plaintiff's principal place of business. According to Defendant, merely listing a New York address on two agreements establishes Plaintiff's principal place of business.

The Court disagrees. A corporation's principal place of business "should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the

corporation holds its board meetings." *Hertz Corp. v. Friend*, 559 U.S. 77, 93, (2010). So, "the mere filing of a form . . . listing a corporation's 'principal executive offices'" would not, "without more, be sufficient proof to establish a corporation's 'nerve center.'" *Id.* at 97. Here, Defendant provides the Court with even less evidence of Plaintiff's principal place of business. Defendant submits only two contracts listing "6329 North Kirkville Rd., Kirkville, NY, 13082" as Plaintiff's "Address." (Doc. 5 at 6, 10). This evidence is insufficient. The contracts do not even state that the address is a principal executive office or headquarters, let alone Plaintiff's actual center of direction, control, and coordination.

Without more information, the Court cannot determine Plaintiff's citizenship. And without Plaintiff's citizenship, the Court cannot determine subject-matter jurisdiction. The Court gave Defendant a chance to properly establish Plaintiff's citizenship. Defendant still falls short. So the Court must remand for want of jurisdiction.

Accordingly, it is now

**ORDERED:**

1. This action is **REMANDED** to the Twentieth Judicial Circuit in and for Collier County, Florida.

2. The Clerk is **DIRECTED** to transmit a certified copy of this Order to the Clerk of the Twentieth Judicial Circuit in and for Collier County, Florida.

3. The Clerk is further **DIRECTED** to deny any pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 24, 2024.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record